UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00012-HBB

ELIZABETH A.[1]	PLAINTIFF

VS.

MARTIN O'MALLEY, COMMISSIONER OF
SOCIAL SECURITY	DEFENDANT

**MEMORANDUM OPINION
AND ORDER**

I.	BACKGROUND

Before the Court is the Complaint (DN 1) of Elizabeth A. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  The Plaintiff filed a Brief (DN 15) and a Fact and Law Summary (DN 14).  The Defendant filed a Fact and Law Summary (DN 17).  The Plaintiff then filed a reply to Defendant's brief (DN 18).  For the reasons that follow, the final decision of the Commissioner is reversed, and this matter is remanded, pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12).  By Order entered March 29, 2024 (DN 13), the parties were notified that oral arguments would not be held unless a written

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

request therefor was filed and granted. No such request was filed.

## II.   FINDINGS OF FACT

On April 17, 2020, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 274-77). Plaintiff alleged that she became disabled on April 1, 2020, as a result of bipolar disorder, back pain, and nerve pain (Tr. 308). The application was denied initially on October 26, 2020, and upon reconsideration on December 17, 2020 (Tr. 175; 200). On December 22, 2020, Plaintiff requested a hearing (Tr. 215-16). On August 9, 2021, Administrative Law Judge ("ALJ") Steven Collins conducted a telephonic hearing (Tr. 33-71). Kelly Hutchins, an impartial vocational expert, testified during the hearing (Tr. 62-70). On September 29, 2021, the ALJ issued his decision denying both applications (Tr. 14-27).

Upon appeal, the District Court reversed and remanded the Commissioner's decision for further proceedings to account for the psychological consultants' opinions, to adequately evaluate Plaintiff's subjective complaints, and to evaluate her migraine headaches (Tr. 1160-62). On July 6, 2023, the ALJ conducted a telephonic hearing to address the issues on remand (Tr. 1067). On November 27, 2023, the ALJ issued his decision denying Plaintiff's applications for disability benefits (Tr. 1067-80).

The ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (*Id.*). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 1, 2020, the alleged onset date (Tr. 1070). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, carpal tunnel syndrome, neuropathy, obesity, migraine headaches, hypoglycemia/syncope, tremors, bipolar disorder, depression, panic disorder, and PTSD (*Id.*).

The ALJ also determined that Plaintiff has a non-severe impairment: hyperlipidemia (*Id.*). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 1070-71).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except Plaintiff can stand and walk a total of four hours in an eight-hour workday; she can occasionally climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, and crawl; she can frequently handle, finger, and feel with the bilateral upper extremities; she must avoid concentrated exposure to vibrations, fumes, odors, dusts, gases, poor ventilation, dangerous machinery, and unprotected heights; she is limited to moderate noise levels or less; there can be no unusually bright, strobe-like lighting; she is limited to simple, routine tasks; she can perform such tasks in two-hour segments in an eight-hour workday; she can make work-related decisions but can have few, if any, workplace changes; she can have occasionally contact with supervisors, coworkers, and the public; she can adapt to work demands and situational changes with reasonable support; and she will be absent from work one day per month on average (Tr. 1071-72). Additionally, the ALJ determined that Plaintiff has no past relevant work (Tr. 1078).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity ("RFC"), age, education, and past work experience as well as testimony from the vocational expert (Tr. 1078-79). The ALJ found that Plaintiff can perform a significant number of jobs that exist in the national economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 2, 2020, through

the date of the decision (Tr. 1079).

The record does not contain Plaintiff's request for Appeals Council review or the denial of that request. However, the parties agree that the ALJ's decision dated November 27, 2023, is the final decision of the Commissioner (DN 15 PageID # 1680; DN 17 PageID # 1703). Further, the Defendant concedes that the Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

### III.   CONCLUSIONS OF LAW

#### A.   Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

The parties agree that the ALJ's decision dated November 27, 2023, is the final decision of the Commissioner. The Court reviews the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

B.  The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5

>   5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

### C. Finding No. 3

#### 1. Arguments of the Parties

Plaintiff challenges the ALJ's finding that her migraine headaches do not medically equal Listing 11.02(B) based on misapplication of the proper legal standard (DN 15 PageID # 1685-89). Plaintiff contends that the ALJ improperly grouped Listing 11.02(B) and (D) into a single evaluation (*Id.* at 1685). As a result, Plaintiff contends, the ALJ's finding was based on legal error that otherwise would have resulted in a finding that Plaintiff's migraines medically equal Listing 11.02(B) (*Id.*).

Defendant responds that the Plaintiff failed to satisfy her burden of proof that is required at step three; moreover, Defendant asserts that the ALJ relied on the record as a whole and provided sufficient—though limited—explanation as to why her impairment does not medically equal the listings (DN 17 PageID # 1707-10).

#### 2. Applicable Law

At the third step, a claimant will be found disabled if her impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. § 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments, set forth in Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful

activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 416.925(a), 404.1525(a). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. §§ 416.925(c)(3), 404.1525(c)(3).

An ALJ will find that an impairment "*meets* the requirements of a listing when it satisfies all the criteria of that listing." 20 C.F.R. § 416.925(c)(3) (emphasis original); *see Hale v. Sec'y of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1984). An ALJ will find that an impairment is "medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a).

Medical equivalence can be found in one of three ways:

> (1)(i) If [the claimant has] an impairment that is described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, but —
> (A) [the claimant does] not exhibit one or more of the findings specified in the particular listing, or
> (B) [the claimant] exhibit[s] all of the findings, but one or more of the findings is not as severe as specified in the particular listing,
> (ii) [The Administrative Law Judge] will find that [the claimant's] impairment is medically equivalent to that listing if [the claimant has] other findings related to [the claimant's] impairment that are at least of equal medical significance to the required criteria.
>
> (2) If [the claimant has] an impairment(s) that is not described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, [the Administrative Law Judge] will compare [the claimant's] findings with those for closely analogous listed impairments. If the findings related to [the claimant's] impairment(s) are at least of equal medical significance to those of a listed impairment, [the Administrative Law Judge] will find that [the claimant's] impairment(s) is medically equivalent to the analogous listing.
>
> (3) If [the claimant has] a combination of impairments, no one of which meets a listing described in the Listing of Impairments in

> appendix 1 of subpart P of part 404 of this chapter (see § 416.925(c)(3)), [the Administrative Law Judge] will compare [the claimant's] findings with those for closely analogous listed impairments. If the findings related to [the claimant's] impairments are at least of equal medical significance to those of a listed impairment, [the Administrative Law Judge] will find that [the claimant's] combination of impairments is medically equivalent to that listing.

20 C.F.R. §§ 416.926(b), 404.1526(b). Because migraines are closely analogous to a listed impairment, the second method of determining medical equivalence applies here. Social Security Ruling 19-4p provides that epilepsy Listing 11.02 is the most closely analogous listed impairment to migraines. 2019 WL 4169635, at *7 (Aug. 26, 2019) [hereinafter "SSR 19-4p"].

Listing 11.02 provides as follows:

> 11.02 *Epilepsy*, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
> A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (11.00H4) despite adherence to prescribed treatment (11.00C); or.
>
> B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); or
>
> C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
>   1. Physical functioning (see 11.00G3a); or
>   2. Understanding, remembering, or applying information (see 11.00G3b(i)); or
>   3. Interacting with others (see 11.00G3b(ii)); or
>   4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
>   5. Adapting or managing oneself (see 11.00G3b(iv); or
>
> D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4)

8

> despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
> 1. Physical functioning (see 11.00G3a); or
> 2. Understanding, remembering, or applying information (see 11.00G3b(i)); or
> 3. Interacting with others (see 11.00G3b(ii)); or
> 4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
> 5. Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. Pt. 404, Subpt. P, App.1, Listing 11.02. Each subparagraph of Listing 11.02 is a sufficient basis to find medical equivalence. SSR 19-4p, 2019 WL 4169635, at *7 (Aug. 26, 2019). SSR 19-4p provides that Paragraph B of Listing 11.02 requires showing "dyscognitive seizures occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment." *Id.* By contrast, SSR 19-4p provides that Paragraph D of Listing 11.02 requires showing "dyscognitive seizures occurring at least once every 2 weeks for at least 3 consecutive months despite adherence to prescribed treatment, and marked limitation in one area of functioning." *Id.*

An ALJ must sufficiently articulate how the record establishes medical equivalency, providing "a rationale for a finding of medical equivalence in a decision that is sufficient for a subsequent reviewer or court to understand." SSR 17-2p, 2017 WL 3928306, at *4 (Mar. 27, 2017). However, the ALJ "is not required to articulate specific evidence supporting" the finding that an impairment does not medically equal a listing if the "record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment." *Id.* In such a case, a general statement that the impairment does not medically equal a listing is sufficient articulation. *Id.* But SSR 17-2p indicates that at step four the ALJ "will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step three." *Id.*

*3. Discussion*

At step three, the ALJ found that the Plaintiff's migraine headaches did not medically equal listing 11.02 (Tr. 1070). The ALJ stated: "In evaluating the claimant's headaches under 11.02B and D the undersigned finds no evidence of marked limitations…" (*Id.*). The ALJ did not further evaluate the medical equivalence of Plaintiff's migraine headaches under Listing 11.02(B) (*Id.*). The ALJ's conjunctive grouping of Listing 11.02(B) and (D) indicates that he applied the standard of Listing 11.02(D)—marked limitations—improperly to Listing 11.02(B) (*Id.*). Listing 11.02(B) does not require *any* showing of marked limitations. SSR 19-4p, 2019 WL 4169635, at *7 (Aug. 26, 2019). Listing 11.02(B) requires a showing that the Plaintiff suffered a migraine at least once a week for at least three consecutive months. *Id.*

The ALJ's discussion of Plaintiff's migraines at step four did not provide a rationale that is sufficient for the Court to determine the basis for his finding about medical equivalence at step three. The ALJ discussed Plaintiff's testimony that her migraine headaches caused her pain at an eight-out-of-ten pain scale (Tr. 1072). Further, the ALJ noted that "[p]er her testimony, her migraines occur once or twice a month at the least" (*Id.*). But this characterization of Plaintiff's testimony is not supported by substantial evidence because she testified that she was having at least four migraine headaches a month (Tr. 1101). If Plaintiff experienced four migraines per month, then she could have experienced one a week for three months to satisfy Listing 11.02(B) (*Id.*). The ALJ noted that Plaintiff reported that "nortriptyline was effective for migraines" and that she did not require Botox treatment (Tr. 1075). If Plaintiff's migraines were at an eight-out-of-ten (Tr. 1072) but were also treatable with notriptyline (Tr. 1075) then it would seem that this

would satisfy the requirement in Listing 11.02(B) that the migraines occur despite adherence to prescribed treatment. However, the ALJ then noted "[h]er migraines were described as 'not intractable'" (Tr. 1075) (citing Tr. 930). That description does not clarify the ALJ's rationale as it does not have any direct, logical link to the analysis. In sum, this discussion at a later step still does not articulate why the ALJ determined that Plaintiff does not medically equal Listing 11.02(B).

The lack of articulation relating to Listing 11.02(B) combined with the conjunctive statement that Plaintiff does not meet Listing 11.02(B) and (D) because there is insufficient evidence of marked limitations leads to the conclusion that the ALJ improperly applied the marked limitations standard in his evaluation of whether Plaintiff's migraines met the criteria under Listing 11.02(B) (Tr. 1070). Thus, the ALJ's findings as to Listing 11.02(B) do not comport with applicable law and lack substantial evidence.

### D. Conclusion

In conclusion, the ALJ has not provided a sufficient explanation for the Court to determine the basis for his unfavorable finding about medical equivalence at step three. Further, what rationale the ALJ did provide at step three indicates he fundamentally misapprehended the medical equivalency evaluation by citing evidence that is not relevant to assessing whether Plaintiff's migraine impairment is medically equivalent to Listing 11.02(B). The ALJ's error was not harmless because if the ALJ had properly analyzed step three and found the evidence Plaintiff put forth supported a finding that she medically equaled Listing 11.02, the sequential evaluation would have ended at step three and Plaintiff would have received benefits. As the Court has no way to review the ALJ's insufficient step three ruling, the undersigned will vacate the final decision of

the Commissioner and, pursuant to sentence four of 42 U.S.C. § 405(g), remand the case to the Commissioner for further proceedings.

Considering the conclusion reached above, the Court declines to address Plaintiff's other challenges to the final decision of the Commissioner.

IV.   ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

September 25, 2024

Copies:   Counsel